UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TODD H. NEUENSCHWANDER,

        Plaintiff,

        v.                                Case No. 25-CV-1829

WARDEN JOY TASSLER,
SOCIAL WORKER ANGIE YOHO, and
PROBATION AGENT HAYLEY GARLOW,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Todd H. Neuenschwander, who is currently serving a state prison sentence at Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $19.13. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

At all times relevant to the complaint, Plaintiff was housed at Kettle Moraine Correctional Institution. On November 1, 2024, the parents of Plaintiff's nearly one-year-old granddaughter filled out a visitor form on her behalf to visit Plaintiff. Compl. at 3, Dkt. No. 1. On December 3, 2024, the visit was denied. In January 2025, Plaintiff asked Social Worker Angie Yoho why his granddaughter's visit was denied. She explained that she and Parole Agent Hayley Garlow noted that Plaintiff's judgment of conviction in his state court criminal case stated that Plaintiff could not have any contact with any female under the age of 18. *Id.* at 4.

Plaintiff wrote to the state court judge about his judgment of conviction. *Id.* On February 13, 2025, the state court judge amended the judgment of condition to state that Plaintiff "shall have no contact with any females under age 18 unless with consent from agent or unless Mr. Neuenschwander is in custody." Dkt. No. 1-1 at 7. Even after the state court amended Plaintiff's judgment of conviction, Plaintiff asserts that Ms. Yoho recommended to Agent Garlow that Plaintiff's granddaughter be denied as a visitor. Agent Garlow approved Ms. Yoho's recommendation. Compl. at 7. On April 17, 2025, Warden Joy Tassler sent Plaintiff a letter advising that the Department of Corrections executes the judgment of conviction within the law and its regulations. *Id.* at 10. Plaintiff seeks declaratory judgment, money damages, and a preliminary/permanent injunction "ordering Defendants in this complaint to stop violating inmates' right of freedom of association and holding them accountable for their actions for doing so." *Id.* at 15.

ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Prisoners generally have no independent constitutional right to visitation under the First Amendment. *Ky. Dep't of Corr v. Thompson*, 490 U.S. 454, 460 (1989). The Supreme Court has recognized that freedom of association is among the rights "least compatible with incarceration," and "[s]ome curtailment of that freedom must be expected in the prison context." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Although prison officials may violate the Constitution by "permanently or arbitrarily denying an inmate visits with family members," *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018), a visitation restriction is valid if it is rationally related to a legitimate penological purpose. *See Overton*, 539 U.S. at 132 (citing *Turner v. Safley*, 482 U.S. 78, 89–91 (1987)). To determine whether a visitation restriction is reasonably related to a legitimate penological purpose, the court considers (1) whether the regulation has a valid, rational connection to a legitimate governmental interest; (2) whether alternative means are open to inmates to exercise the asserted right; (3) what impact accommodating the right would have on guards, other inmates, and prison resources generally; and (4) whether there are "ready alternatives" to the regulation. *Id.*

Plaintiff alleges that Warden Tassler, Ms. Yoho, and Agent Garlow have unreasonably denied his requests for visitation with his granddaughter during his incarceration. The court finds that Plaintiff has, at this early stage of the litigation, alleged sufficient facts to allow him to proceed on a First Amendment claim against Warden Tassler, Ms. Yoho, and Agent Garlow.

The court notes that Plaintiff also mentions "deliberate indifference" and the Fourteenth Amendment. The legal concepts of "deliberate indifference" under the Eighth Amendment do not apply to the facts of this case. Although Fourteenth Amendment due process could apply to this case, *see, e.g.*, *Ruddock v. Mueller*, No. 18-CV-1072, 2018 WL 3641745, at *5–6 (S.D. Ill. Aug. 1, 2018), Plaintiff does not identify what process and/or procedures he was allegedly denied. Accordingly, Plaintiff cannot proceed with these claims.

The Court will also deny Plaintiff's request for a preliminary injunction "ordering Defendants in this complaint to stop violating inmates' right of freedom of association and holding them accountable for their actions for doing so." Compl. at 15. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted). The order Plaintiff proposes, which would impact all inmates, is too far-reaching to be an appropriate remedy. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).

5

## MOTION TO APPOINT COUNSEL

Plaintiff filed a motion to appoint counsel. Dkt. No. 4. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to obtain counsel. *Pickett v. Chi. Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry . . . ." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, Plaintiff must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when Plaintiff attempted to contact the lawyers; and (4) the lawyers' responses.

Plaintiff has not submitted evidence showing that he made reasonable attempts to secure counsel on his own. The Court will therefore deny the motion to appoint counsel without prejudice. Plaintiff may refile the motion if he chooses, but only after he has attempted to secure counsel on his own.

The Court concludes that Plaintiff may proceed on a First Amendment claim that Warden Tassler, Ms. Yoho, and Agent Garlow unreasonably denied his requests for visitation with his granddaughter.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Warden Tassler, Ms. Yoho, and Agent Garlow.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $330.87 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

8

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on December 18, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge