UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TODD H. NEUENSCHWANDER,

      Plaintiff,

      v.                              Case No. 25-CV-1829

JOY TASSLER et al.,

      Defendants.

---

**ORDER**

---

Plaintiff Todd Neuenschwander, who is currently incarcerated at Kettle Moraine Correctional Institution, is representing himself in this 42 U.S.C. § 1983 action. On December 18, 2025, the Court screened the complaint and allowed Plaintiff to proceed on a First Amendment claim based on allegations that Defendants Warden Joy Tassler, Social Worker Angie Yoho, and Probation Agent Hayley Garlow unreasonably denied Plaintiff's requests for visitation with his granddaughter. Dkt. No. 8. This matter comes before the Court on Plaintiff's unsigned motion to add exhibits and motion to appoint counsel. Dkt. Nos. 13–14. The Court reminds Plaintiff that, under Federal Rule of Civil Procedure 11, he must sign every motion he files. In the future, the Court will not consider unsigned motions.

Plaintiff has filed a motion to add an exhibit to his complaint. He states that he mistakenly failed to attach his April 10, 2025, inmate complaint as an exhibit to prove that he exhausted his administrative remedies. The Court construes Plaintiff's motion to add an exhibit as a motion to amend the complaint. Plaintiff's motion fails to comply with the district's local rules governing amendment of pleadings. Civil Local Rule 15(a) states, "Any amendment to a pleading, whether

filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

Plaintiff may not amend his complaint piecemeal. Allowing Plaintiff to provide numerous supplements to the complaint would make it difficult "for the defendant to file a responsive pleading and makes it difficult for the court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). Because Plaintiff may not amend his complaint in the manner he is attempting, Plaintiff's motion could be denied on this basis alone.

In addition, even if Plaintiff properly attached his exhibit to a proposed amended complaint and filed a motion to amend, the motion would be denied as futile. Plaintiff's supplemental exhibit does not clarify his claim. Instead, Plaintiff seeks to add the exhibit to his complaint to establish that he exhausted his administrative remedies. A complaint is not a vehicle for introducing exhibits that support a party's claim or undercut a party's defenses, however. Exhibits may be filed in support of or in opposition to a properly filed motion or as evidence at trial. Accordingly, Plaintiff's exhibit is unnecessary at this stage of the litigation. For these reasons, Plaintiff's motion to add an exhibit is denied.

Plaintiff has also filed a motion to appoint counsel. He asserts that he has no formal or informal legal knowledge or experience and that he contacted three attorneys, but none of them responded to his requests to represent him. *See* Dkt. Nos. 13–14. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants

2

and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)).

It appears that Plaintiff has satisfied the first prong of the standard. Nevertheless, the Court will deny Plaintiff's motion because he appears capable of representing himself during the early stages of this case. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

Nothing in Plaintiff's complaint or motion suggests that he is unable to participate in discovery and respond to a motion for summary judgment. Plaintiff's claim that Defendants denied his requests for visitation with his granddaughter is straightforward. Although Plaintiff asserts that he has no formal or informal legal knowledge, experience, or schooling, most prisoners have limited education or experience. Plaintiff's filings have been detailed and organized, suggesting that he understands his claim and has the capacity to request relevant information in discovery and identify and present the material facts of his case at summary judgment.

For these reasons, the Court will deny Plaintiff's motion to appoint counsel. If new challenges arise that Plaintiff does not believe he can overcome, he may renew his motion. If he

3

does so, he should describe in detail what challenges he is facing and what efforts he has made to overcome them.

IT IS THEREFORE ORDERED that Plaintiff's motion to add exhibits (Dkt. No. 13) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to appoint counsel (Dkt. No. 14) is DENIED without prejudice.

Dated at Green Bay, Wisconsin on April 29, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

4