UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TODD H. NEUENSCHWANDER,

                Plaintiff,

        v.                                        Case No. 25-CV-1829

JOY TASSLER et al.,

                Defendants.

---

## DECISION AND ORDER

---

Plaintiff Todd H. Neuenschwander, who is currently incarcerated at Kettle Moraine Correctional Institution, is representing himself in this 42 U.S.C. § 1983 action. This matter comes before the Court on Defendants' motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies before bringing this lawsuit. For the following reasons, Defendants' motion for summary judgment will be denied.

### BACKGROUND

At all times relevant to this action, Plaintiff was housed at Kettle Moraine Correctional Institution. He is proceeding on a First Amendment claim based on allegations that Defendants Warden Joy Tassler, Social Worker Angie Yoho, and Probation Agent Hayley Garlow unreasonably denied Plaintiff's request for visitation with his granddaughter.

On April 2, 2025, Plaintiff filed an inmate complaint, KMCI-2025-5007, complaining that his granddaughter had been denied as a visitor. On May 9, 2025, the Inmate Complaint Examiner (ICE) recommended dismissal of the complaint. The ICE noted that the Warden denied Plaintiff's request that his granddaughter be admitted as a visitor pursuant to Wis. Admin. Code § DOC

309.08(4)(e)–(f).  (ECF No. 22-3 at 2–4.)  *See* Wis. Admin. Code § DOC 309.08(4)(e)–(f) ("The warden shall determine whether a person may be approved for visiting, including no-contact visiting, or removed from a visiting list based on the following:  . . . (e) The warden has reasonable grounds to believe that the inmate's reintegration into the community or rehabilitation would be hindered. (f) The warden has reasonable grounds to believe that the inmate's offense history indicates there may be a problem with the proposed visitation.").  The Reviewing Authority (RA) dismissed Plaintiff's complaint on May 16, 2025.  (ECF No. 22-3 at 5.)  Plaintiff appealed the RA's decision, and the Correctional Complaint Examiner (CCE) recommended that the appeal be dismissed.  (*Id.* at 7.)  On June 26, 2025, the Office of the Secretary dismissed the appeal.  (*Id.* at 8.)  The Secretary reasoned that there was sufficient justification to deny the visitor at that time and that the visitor would be eligible to reapply after June 3, 2025.  (*Id.*)

On September 15, 2025, Plaintiff filed a second inmate complaint, KMCI-2025-13574, complaining again that his granddaughter was not approved as a visitor.  (ECF No. 22-2 at 2.)  The ICE rejected the inmate complaint as untimely.  The ICE noted that Plaintiff's granddaughter was denied as a visitor on August 12, 2025, pursuant to Wis. Admin. Code § DOC 309.08(4)(e)–(f).  The ICE explained that, because Plaintiff did not file the inmate complaint until September 15, 2025, it was filed beyond the 14-day limit and Plaintiff did not offer evidence that he was inhibited from filing a timely inmate complaint.  (*Id.*)  Plaintiff filed a request for review of the rejected complaint on October 11, 2025.  On October 21, 2025, the RA determined that the complaint was properly rejected as untimely.  (*Id.* at 5.)

## LEGAL STANDARD

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law."  *Hotel 71 Mezz Lender Ltd. Liab. Co. v.*

2

*Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(a)). The Court does not "weigh the evidence and determine the truth of the matter" but rather "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The movant has the burden to show that summary judgment is appropriate. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). The Court will "read the facts and draw all reasonable inferences in the light most favorable to the non-moving party." *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 945 (7th Cir. 2024) (citation omitted). Nonetheless, the non-movant must go beyond mere allegations and conclusions and instead support its contentions with proper documentary evidence. *Foster v. PNC Bank*, 52 F.4th 315, 320 (7th Cir. 2022); *Weaver*, 3 F.4th at 934. Speculation is insufficient to create a genuine dispute of material fact. *Id.* If the movant sustains its burden and shows both that there are no disputed material facts and that it is entitled to judgment as a matter of law, "[t]he court shall grant summary judgment . . . ." Fed. R. Civ. P. 56(a).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). That said, an inmate is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684

3

(7th Cir. 2006). "Failure to exhaust is an affirmative defense for which the defendants carry the burden of proof." *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018) (citation omitted).

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate complaints. Wis. Admin. Code § DOC 310.05. Inmates must file an inmate complaint with the ICE within 14 days of the relevant occurrence giving rise to the complaint. § DOC 310.07(2). The ICE shall either reject the complaint or send a recommendation to the RA. § DOC 310.10(9). The RA has fifteen days to make a decision following the receipt of the recommendation or appeal of a rejected complaint. § DOC 310.11(1). An inmate who is dissatisfied with the resolution of his inmate complaint may appeal the decision to the CCE within 14 days. § DOC 310.12. The Secretary shall make a decision within 45 days following receipt of the CCE's recommendation and that decision is final. § DOC 310.13.

Defendants argue that Plaintiff failed to exhaust his administrative remedies because his second inmate complaint was rejected as untimely. Yet, once an inmate has provided the institution with notice of and an opportunity to correct a problem, he does not need to file multiple, successive grievances raising the same issue. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("Separate complaints about particular incidents are only required if the underlying facts or the complaints are different." (citations omitted)).

In this case, Plaintiff filed an inmate complaint, KMCI-2025-5007, complaining that his granddaughter had been denied as a visitor. He completed each step of the grievance process with respect to that inmate complaint. Plaintiff's first inmate complaint was sufficient to provide the institution with notice of the issue and a chance to correct it. Defendants' argument that the second inmate complaint was not exhausted is "unpersuasive since the original grievance suffices." *Id.* Defendants do not argue, and the record does not show, that the August 2025 denial of Plaintiff's visitation request involved a materially different visitation issue than the one raised in Plaintiff's

4

first inmate complaint.  Both of Plaintiff's inmate complaints concerned the denial of Plaintiff's requests that his granddaughter be approved for visitation, and both denials rested on the same regulatory grounds, Wis. Admin. Code § DOC 309.08(4)(e)–(f).  Thus, even if Plaintiff's second inmate complaint, KMCI-2025-13547, was untimely as to the August 2025 denial, Defendants have not shown that the earlier fully exhausted inmate complaint failed to exhaust the First Amendment visitation claim on which Plaintiff is proceeding.  In short, Defendants have not sustained their burden of showing that Plaintiff failed to exhaust his available administrative remedies before filing this action.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment on exhaustion grounds (ECF No. 19) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin on July 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

5