UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TODD H. NEUENSCHWANDER,

Plaintiff,

v. Case No. 25-CV-1829

JOY TASSLER et al.,

Defendants.

---

**ORDER**

---

Plaintiff Todd H. Neuenschwander is currently incarcerated at Prairie du Chein Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on a First Amendment claim based on allegations that Defendants unreasonably denied his request for visitation with his granddaughter. On July 17, 2026, Plaintiff filed a motion for summary judgment. (ECF No. 36.) On August 31, 2026, the day of the dispositive motion deadline, Defendants filed a cross-motion for summary judgment, along with a response to Plaintiff's motion for summary judgment. (ECF Nos. 46–54.) Plaintiff filed a second motion for summary judgment on September 8, 2026. (ECF No. 56.) He also filed a third motion to appoint counsel and a motion for a trial date and pretrial conference hearing. (ECF Nos. 60, 62.)

Plaintiff filed his first motion to appoint counsel on November 19, 2025, and his second motion to appoint counsel on April 24, 2026. The Court denied the April 24, 2026, motion without prejudice, concluding that in light of Plaintiff's abilities and the nature of his claim, the case did not warrant court-recruited counsel. (*See* ECF No. 15.) In the instant motion, Plaintiff asserts that he has limited access to the law library and limited knowledge of the law. The difficulties Plaintiff claims are the same difficulties any litigant would have representing himself, and they do not

justify the extraordinary measure of having the Court recruit private counsel. Although Plaintiff argues that counsel will be able to assist him with trial, which will involve conflicting testimony and evidence, at this point in the proceedings, Plaintiff must respond to Defendants' motion for summary judgment and file his reply materials in support of his motion for summary judgment. Summary judgment rises or falls on whether there is a genuine dispute of material fact. Because Plaintiff has personal knowledge of the material facts of his case, he should be able to identify which facts asserted by Defendants are in dispute and place them before the Court. Plaintiff's filings have been clear and coherent, and Plaintiff appears to understand the Court's orders. For these reasons, the Court continues to find that Plaintiff has the capacity to represent himself at this stage of the litigation. Accordingly, Plaintiff's motion to appoint counsel is denied without prejudice.

Plaintiff also filed a motion for a trial date and pretrial conference. Plaintiff's motion will be denied as premature. The parties' cross-motions for summary judgment are currently pending before this Court. Once the cross-motions for summary judgment become fully briefed, the Court will issue a decision on the motions. If the case survives summary judgment, the Court will set final pretrial and trial dates.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 60) is **DENIED without prejudice**. The Court will give further consideration to Plaintiff's request as the case proceeds.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a trial date and pretrial conference hearing (ECF No. 62) is **DENIED as premature**.

Dated at Green Bay, Wisconsin on September 16, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge